UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| JASON MONROE, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | No. 4:17-CV-2952 JCH |
|  | ) |  |
| TERI LAWSON, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

## **MEMORANDUM AND ORDER**

This matter is before the Court on petitioner=s response to the order to show cause.[1] Having carefully reviewed petitioner's response, the Court concludes that his arguments are without merit, and that the instant action is time-barred under 28 U.S.C. § 2244.

## **Background**

On November 3, 2015, petitioner pled guilty to three counts of first degree statutory rape and two counts of second degree statutory sodomy. On that same date petitioner was sentenced to a ten (10) year term of imprisonment in the Missouri Department of Corrections. Petitioner did not file a direct appeal of his conviction or sentence. *See State v. Monroe*, No. 12SL-CR08815-01 (21st Judicial Circuit, St. Louis County Court).[2]

---

[1] On June 25, 2018, the Court ordered petitioner to show cause as to why the Court should not dismiss the instant application for writ of habeas corpus as time-barred.

[2] On January 8, 2018, an Order Nunc Pro Tunc, correcting the Judgment for a Clerical Error, was issued. Apparently, the first criminal judgment stated that petitioner had been convicted on Counts 1 through 3 of statutory rape in the first degree, which was correct. However, it also erroneously stated that petitioner had been convicted on Counts 6 and 7 of statutory rape in the second degree. In fact, petitioner had been convicted of statutory sodomy in the second degree. The Court found that these errors were clerical errors that were capable of correction pursuant to Mo.Sup.Ct.R.29.12(c). Correction of mere clerical errors, however, are not true resentencings do not start restart the clock for statute of limitations purposes.

Petitioner filed a post-conviction to vacate, set aside or correct his judgment, pursuant to Mo.Sup.Ct.Rule 24.035 on January 12, 2016. *See Monroe v. State*, No. 16SL-CC00133 (21st Judicial Circuit, St. Louis County Court). Petitioner filed a motion to voluntarily withdraw the motion to vacate on April 27, 2016. The motion was granted and the matter was dismissed on May 2, 2016. *Id.*

Petitioner placed the instant application for writ of habeas corpus in the prison mailing system on December 23, 2017. The Court received petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 on December 29, 2017.

**Discussion**

In the instant matter, petitioner complains that he was given "lifetime supervision in the State of Missouri" as a result of pleading guilty to the crimes of statutory rape and statutory sodomy. He asserts that his trial counsel was ineffective for failing to inform him of the fact that he would be given lifetime supervision.[3]

Pursuant to 28 U.S.C. § 2244(d), a petitioner has one year from the date his judgment of conviction becomes final within which to file a petition for writ of habeas corpus. A Missouri conviction becomes final ten days after the judgment is entered. Mo. R. Civ. P. § 81.04(a). Thus, petitioner's time started running on November 13, 2015, when he failed to file a timely notice of appeal.

Petitioner filed a motion for post-conviction relief on January 12, 2016, and it was pending until he moved to voluntarily dismiss his case and the motion was granted and actually dismissed

---

[3] Petitioner asserts that he is not a resident of the State of Missouri and the lifetime supervision effectively ties him to the State of Missouri until he dies. He claims that he voluntarily dismissed his motion to vacate because he was told by his assigned post-conviction attorney that he could not challenge lifetime supervision in a post-conviction relief motion.

2

on May 2, 2016. During the time the case was pending, the statute of limitations was tolled.[4] However the period between the finality of his judgment and the application for post-conviction relief must be counted toward the one-year limitations period. *See Maghee v. Ault*, 410 F.3d 473, 475 (8th Cir. 2005); *Curtiss v. Mount Pleasant Corr. Facility*, 338 F.3d 851, 854 (8th Cir. 2003). As such, petitioner accrued 60 days toward the limitations period during this time period.

Between May 2, 2016 and the date petitioner placed his application for writ of habeas corpus in the prison mailing system, on December 23, 2017, an additional six-hundred (600) days passed. Thus, petitioner appears approximately two (2) years late in filing his application for writ of habeas corpus in this Court.

In his response to the Order to Show Cause as to why his habeas corpus should not be dismissed as time-barred, petitioner asserts that he should be excused from the one-year statute of limitations because he has had limited access to the law library during his incarceration, and for approximately one month and thirteen days he had no access to the library at all. Petitioner also asserts that "law clerks don't exist" in the prison law library.

Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Equitable tolling is Aan exceedingly narrow window of relief. *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). Pro se status, lack of legal knowledge or legal resources, confusion about or

---

[4]It is not entirely clear that the one-year limitations period should be tolled during the pendency of post-conviction proceedings that end in a voluntary dismissal. However, the Court will give petitioner the benefit of the doubt, pursuant to the holding in *Williams v. Bruton*, 299 F.3d 981, 982-83 (8th Cir. 2002) ("Although we have not answered the question directly, those circuit courts that have addressed it have concluded that the application is 'pending (and thus the limitations period is tolled) during the appeal period, even if the petitioner does not appeal.").

miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling.@ *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004) (quotation marks omitted); *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir. 2000) (holding that Aeven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted@).

Moreover, this Court cannot begin to examine petitioner's assertions regarding his belief that his Constitutional rights were violated during this trial court process when he has not first shown that he was diligently pursuing his rights and some extraordinary circumstance prevented him from presenting his claims to this Court in a timely fashion. *Holland v. Florida*, 560 U.S. 631, 649 (2010).

As petitioner has failed to give an equitable reason why his untimeliness should be excused, the Court must dismiss the petition under 28 U.S.C. § 2244.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is **DENIED AND DISMISSED** as time-barred. Rule 4 of the Rules Governing Habeas Corpus Proceedings.

**IT IS FURTHER ORDERED** that the Court will not issue a Certificate of Appealability. *See* 28 U.S.C. § 2253.

Dated this 12th day of July, 2018.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE